# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| **FILED** | ) | Case Number:  DPAE2:15CR000180-012 |
| JAMAL DOGGETT   **FEB 2 1 2019** | ) | USM Number:  72076-066 |
| KATE BARKMAN, Clerk ) | | William Houston, Esquire |
| By _____ Dep. Clerk) | | Defendant's Attorney |

## THE DEFENDANT:

X   pleaded guilty to count(s)   1, 15, 16 & 17 of the superseding indictment.   _____

☐   pleaded nolo contendere to count(s)   _____
      which was accepted by the court.

☐   was found guilty on count(s)   _____
      after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951 | Conspiracy to commit robbery which interferes with interstate commerce. | 4/2014 | 1s |
| 18:1951 and 2 | Robbery which interferes with interstate commerce and aiding abetting. | 4/2014 | 15s |
| 18:2119 and 2 | Carjacking and aiding and abetting. | 4/2014 | 16s |

See page 2

      The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)   _____   _____

☐   Count(s)   _____   ☐ is   ☐ are dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 13, 2019
Date of Imposition of Judgment

Signature of Judge

MITCHELL S. GOLDBERG, U.S.D.J.
Name and Title of Judge

2/15/19
Date



DEFENDANT:       JAMAL DOGGETT
CASE NUMBER:     DPAE2:15CR000180-012

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:924(c)(1)(A)(ii) and 2 | Carrying and using a firearm during and relation to a crime of violence and aiding and abetting. | 4/2014 | 17s |

DEFENDANT:        JAMAL DOGGETT
CASE NUMBER:      DPAE2:15CR000180-012

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

3 months on each of Counts 1, 15, and 16, such terms to be served concurrently, and a term of 84 months on Count 17, such term to be served consecutively to the terms imposed on Counts 1, 15, and 16 to the extent necessary to produce a total term of 87 months.

☐  The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____   ☐ a.m.   ☐ p.m.   on  _____   _____   .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ ___ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ _____ to _____   _____   _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:     JAMAL DOGGETT
CASE NUMBER:    DPAE2:15CR00018-012

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Five years. This term consists of terms of three years on each of Counts 1, 15, and 16 and a term of five years on Count 17, all such terms to run concurrently.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   X  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:        JAMAL DOGGETT
CASE NUMBER:      DPAE2:15CR000180-012

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ ___    Date _ __    ____

DEFENDANT:        JAMAL DOGGETT
CASE NUMBER:    DPAE2:15CR000180-012

# SPECIAL CONDITIONS OF SUPERVISION

At the discretion of the U.S. Probation Office the defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

At the discretion of the U.S. Probation Office the defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

DEFENDANT: JAMAL DOGGETT
CASE NUMBER: DPAE2:15CR000180-012

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0 | $ 0 | $ 7,535.00 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered until after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| M.M. | $7,535.00 | $7,535.00 | 100% |
| (Names and address provided to the fiscal department of this Court) | | | |

| **TOTALS** | $ _____7,535.00_ | $ ____ ___7,535.00_ |

☐ Restitution amount ordered pursuant to plea agreement $ _____ .

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

    ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

\*   Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        JAMAL DOGGETT
CASE NUMBER:   DPAE2:15CR000180-012

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   X   Lump sum payment of $ __7,935.00__ _ due immediately, balance due

☐ not later than  _ _ _____ ___ , or
☐ in accordance with ☐ C ☐ D, ☐ E, or ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐C,   ☐D, or   ☐F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of
_ _ *(e.g., months or years)*, to commence _ __ ____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ over a period of
_____ *(e.g., months or years)*, to commence _ _ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g, 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

$400.00 special assessment is due immediately.
$7,535.00 restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate
Financial Responsibility Program and provide a minimum payment of $25 per quarter towards the restitution. In the event the
restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly
installments of not less than $50.00, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

U.S. v. Khalil Smith 15-180-1 E.D. of Pa., U.S. v. Braheim Ballard 15-180-9 E.D. of Pa., U.S. v. Marcus Bowens 15-180-3 E.D. of
Pa., U.S. v. Michael Queen 15-180-4 E.D. of Pa.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
See page 9.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:        JAMAL DOGGETT
CASE NUMBER:    DPAE2:15CR000180-012

## ADDITIONAL FORFEITED PROPERTY

a) A Smith & Wesson, Model SW40VE, .40 caliber semi-automatic pistol, serial number PBE4270 and 14 rounds of .40 caliber ammunition;

b) A Taurus, Model Millennium Pro, 9mm semi-automatic pistol, serial number TXI25370 and 12 rounds of 9mm ammunition;

c) A Smith & Wesson, Model M&P357C, .357 Sig caliber semi-automatic pistol, serial number DUK4677 and four rounds of .357 Sig caliber ammunition;

d) A Smith & Wesson, Model SW40VE, .40 caliber semi-automatic pistol, serial number DSD0048;

e) A Glock, Model 19, 9mm semi-automatic pistol, serial number KNM631 (restored) and 15 rounds of assorted 9mm ammunition;

f) A Remington Arms, Model 700, .270 caliber, bolt-action rifle, serial number 6862848;

g) Seventy-one rounds of assorted .357 caliber ammunition; and

h) Any and all additional ammunition,